Sjong.Objection

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| DANIEL W. SJONG, | ) | Bankruptcy Case No. 15-34286 |
| | ) | |
| Debtor. | ) | Honorable A. Benjamin Goldgar |

## OBJECTION TO APPLICATION OF TRUSTEE TO EMPLOY COUNSEL

Now comes the Debtor, DANIEL W. SJONG, by and through his Attorneys, MAGEE, NEGELE & ASSOCIATES, P.C., and objects to the Application of Trustee to Employ Counsel and states as follows:

1. The Attorneys and Firm sought to be employed by the Trustee, namely, Miriam R. Stein, Kevin R. Purtill and Chuhak & Tecson P.C. (collectively, "Chuhak"), are acknowledged in the Trustee's Application as also the prior and present Attorneys for Creditor, ASSOCIATED BANK, [See Paragraph 12 of Trustee's Application].

2. The Trustee initially filed a "Report of No Distribution" in this case and then withdrew the Trustee's Report of No Distribution, on information and belief, upon the Creditor, ASSOCIATED BANK's, inducement to be responsible for fees and expenses. [See Paragraph 12 of Trustee's Application].

3. Creditor, ASSOCIATED BANK, the continuing Client of Chuhak, holds a judgment against the Debtor in the amount of $548,732.94 and recorded a Memorandum of Judgment as Document Number 7209979 in the Office of the Lake County Recorder of Deeds on July 7, 2015.

4. By reason of the aforesaid judgment and recording, Creditor, ASSOCIATED BANK, the Client of Chuhak, claims a judicial lien against the Debtor's residential premises, held by Debtor with his spouse in tenancy by the entirety.

5. The main stated purpose of the Application to Employ Counsel is to attack and avoid Debtor's entitlement to tenancy by the entirety as to his marital residence. [See Paragraph 4 of Trustee's Application].

6. In the event that Chuhak were successful, 100% of the resulting benefit would be to Creditor, ASSOCIATED BANK, (it's judicial lien of $548,732.94 significantly exceeds all equity in the Debtor's tenancy by the entirety over and above the existing mortgage).

7. In the normal course of proceedings, there will be no equity in the Debtor's tenancy by the entirety residence available to unsecured creditors in this case; if Chuhak is successful in avoiding the Debtor's transfer to tenancy by the entirety, 100% of the available equity will be subject to the ASSOCIATED BANK judicial lien and no money will be disbursed to any Creditor, whether secured or unsecured, in this case.

8. As mandated by Section 326(a) of the United States Bankruptcy Code, if there will be no distribution to creditors, there will be no compensation allowed to the Trustee.

9. A prerequisite to the Court's approval for employment of counsel is that it is necessary to administration of the bankruptcy estate.

10. Debtor has a statutory right to avoid the judicial lien claim of Creditor, ASSOCIATED BANK; it would be in the best interest of the Bankruptcy Estate to have that lien avoided and for the Trustee to take such actions and present such arguments as might defeat that judicial lien.

11. It would not be in the best interests of Creditor, ASSOCIATED BANK, to have its judicial lien avoided and this is a matter of actual conflict of interest.

12. While the above referenced matters may be compromised and settled between the Secured Creditor, ASSOCIATED BANK, and the Trustee to allow, on success, some allocation or "carve out" for the benefit of the unsecured creditors, the question is presented as to who Chuhak would be representing in such negotiations.

13. The conflicts of interest presented by employment of Chuhak are direct, apparent and irreconcilable.

14. In summary, there is no necessity, purpose or benefit to the estate that make appointment of counsel appropriate; the specific counsel sought to be appointed have actual conflicts of interest regarding Creditor, ASSOCIATED BANK, and the Bankruptcy Estate and for these reasons the Court should not approve the Application of Trustee to Employ Counsel.

WHEREFORE, Debtor, DANIEL W. SJONG, objects to the appointment of Mirian R. Stein, Kevin R. Purtill and Chuhak & Tecson P.C. or any other counsel having a present relationship with Creditor, ASSOCIATED BANK and moves the Court to deny the Application of Trustee to Employ Counsel.

DANIEL W. SJONG, Debtor;

By: _____
James T. Magee, his Attorney.

James T. Magee [1729446]
MAGEE, NEGELE & ASSOCIATES, P.C.
444 North Cedar Lake Road
Round Lake, Illinois 60073
(847) 546-0055